# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2009

No. 08-51248
Summary Calendar

Charles R. Fulbruge III
Clerk

COLIN A. ROACH

Petitioner-Appellant

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL, ET AL.

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-459

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Colin A. Roach appeals from the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. We AFFIRM.

In an appeal such as this, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *Day v. Quarterman*, 566 F.3d 527, 535 (5th Cir. 2009). We apply the same standard of review to the findings and conclusions of the magistrate judge where the magistrate judge has decided the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case under 28 U.S.C. § 636.  *Lockette v. Greyhound Lines, Inc.*, 817 F.2d 1182, 1185 (5th Cir. 1987).

On August 16, 2007, an immigration judge found Roach removable under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act as an alien convicted of a violation of any law relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana.  Roach's appeal to the Board of Immigration Appeals (BIA) was dismissed on December 20, 2007.  Since that time, Roach has been detained.  *See* 8 U.S.C. § 1231.  He has filed a series of motions to reconsider or reopen his case with the BIA, all of which have been dismissed or denied.

On April 20, 2008, Roach filed a Section 2241 petition for a writ of habeas corpus in district court, challenging his arrest and subsequent detention as unconstitutional.  With the consent of the parties, the case was assigned to a United States magistrate judge for all proceedings and the entry of final judgment.  The magistrate judge found Roach's initial arrest authorized under 8 U.S.C. § 1226(c)(1).  Further, his continued detention was found to be authorized under 8 U.S.C. § 1231 and constitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  Specifically, the magistrate judge found that by his repeated filings with the BIA, Roach prevented U.S. Immigration and Customs Enforcement from obtaining Roach's travel documents for removal.  This interference extended his removal period and detention under 8 U.S.C. § 1231(a)(1)(C), which provides that the removal period and detention shall be extended beyond ninety days if the alien "conspires or acts to prevent the alien's removal subject to an order of removal."

With liberal construction, Roach's *pro se* appeal challenges the constitutionality of his continued detention.  We conclude that Roach failed to meet his initial burden of proof in showing there is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701; *see*

*also Andrade v. Gonzales*, 459 F.3d 538, 543-44 (5th Cir. 2006).  Further, the magistrate judge did not err in finding that Roach's repeated filings with the BIA constituted acts to prevent his removal, thus extending his removal period under 8 U.S.C. § 1231(a)(1)(C).

Accordingly, we AFFIRM.